Casey, C. J.,
delivered the opinion of the court:
The claimants’ testator, in his lifetime, on the 16th day of June, 1855, filed his petition in the Court of Claims to recover certain compensation, as Acting Register of the Treasury, to which he alleged he was entitled. His case was heard, and on the 19th April, 1856, found in his favor and a bill reported to Congress for the sum of two thousand eight hundred and, twenty-seven dollars and thirty-two cents, (§2,827 32,) which was on the 16th of May, 1856, referred to the Committee of Claims, and on January 5, 1858, was again referred to the Committee of Claims. On the 14th of May, 1858, that committee reported back the bill with a substitute, which, was referred to the Committee of the Whole House; but no final action was taken thereon by Congress, or by either house of Congress. This action is based upon the finding in that case, and no other claim is set forth in the petition.
The solicitors for the United States demur generally, and allege that the matters averred are not sufficient in law to maintain the action.
*217 Prior to the act of 3d March, 1863, reorganizing this court, its decisions had not the force of judicial decrees or judgments. Under the act of 24th February, 1855, it had power “ to hear and determine.” But the judicial and conclusive character of its findings were destroyed by the provisions, subjecting them to the affirmance or disapproval of Congress. The case of Ferriera v. The United States, 13 How., 40, is identical in principle, and rules this case.
By the express provisions of the act of 24th February, 1855, cases like this reported to Congress are continued from session to session, and from Congress to Congress, until they shall have been finally acted upon. Being there under this law, and for the purpose declared there, we can have no right or authority to take any cognizance of or jurisdiction over it, so long as it is pending there. There is nothing in the subsequent enactments which changes the status of those cases. It has been a mooted question whether we could take cognizance of such a case, retransmitted to us by resolution of only one of the houses of Congress.
If the former finding has the force and effect ascribed to it by the claimants and their counsel, this action is unnecessary and superfluous. Being already a judgment of the court, it could he nothing more nor higher after we had again passed upon it, and they would be equally entitled to have it paid in the mode prescribed by the acts of Congress, as well before as after a second decision.
In our opinion the difficulties in the way of the claimants’ recovery-here, and in this manner, are insuperable, and we therefore dismiss the petition.